**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. | CHRIS D. RISENER and LACRISTA A. | ) |
| 2. | BAGLEY, FORMERLY LACRISTA A. | ) |
| | RISENER, | ) |
| | | ) |
| | PLAINTIFFS, | ) |
| v. | | ) |
| | | ) |
| 1. | BANK OF AMERICA, N.A., | ) |
| 2. | BANK OF AMERICA, N.A., | ) |
| | SUCCESSOR BY MERGER TO BAC | ) |
| | HOME LOANS SERVICING, LP, and | ) |
| 3. | BAC HOME LOANS SERVICING, LP, | ) |
| | | ) |
| | DEFENDANTS. | ) |

Case No. CIV-10-1110-R

### PLAINTIFFS' THIRD AMENDED COMPLAINT

Plaintiffs Chris D. Risener and Lacrista A. Bagley, formerly Lacrista A. Risener (hereinafter, collectively referred to as "Risener"), for their Complaint over and against Bank of America, N.A., Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, and as referenced herein: Bank of America, N.A. shall include Bank of America N.A. and Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, and BAC Home Loans Servicing, LP, state as follows:

### JURISDICTION AND VENUE

1.      Risener brings this action to secure redress from unlawful credit and collection practices engaged in by Bank of America, N.A., Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP and BAC Home Loans Servicing, LP. This is an action for damages brought by Risener for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1861 *et seq.*, as amended ("FCRA"), and other causes of action as stated herein,

15 U.S.C. § 1692, *et seq*., as amended. Jurisdiction of this Court arises under 28 U.S.C. § 1331 (General Federal Question), 28 U.S.C.A. § 1337 (Interstate Commerce), and 28 U.S.C.A. § 1367 (Supplemental Jurisdiction).

2.      Venue and personal jurisdiction in this District are proper because (a) Bank of America, N.A., and BAC Home Loans Servicing, LP's collection communications and activities impacted the Riseners within this District, and, (b) Bank of America, N.A., and BAC Home Loans Servicing, LP do business within the state of Oklahoma. As part of their debt collection activities, Bank of America, N.A., and BAC Home Loans Servicing, LP furnished information to consumer credit reporting agencies. As such, Bank of America, N.A., and BAC Home Loans Servicing, LP are subject to FCRA as a "furnisher of information", as stated in 15 U.S.C.A. § 1861, *et seq*., as amended.

## FACTUAL BACKGROUND

1.      Risener purchased a home in Oklahoma City, Oklahoma, and secured a loan through the mortgage lender, Taylor Bean & Whitaker Mortgage Corp., on December 24, 2008, in the amount of One Hundred Sixty-Two Thousand and No/100 Dollars ($162,000.00), with an interest rate of 5.875%. The note ("Note") pursuant to this transaction  was secured by a mortgage ("Mortgage") in favor of Taylor, Bean & Whitaker Mortgage Corp., in the same amount.

2.      The Note and Mortgage given to Taylor, Bean & Whitaker Mortgage Corp. was for personal and household purposes on behalf of Risener.

3.      In August of 2009, Taylor, Bean & Whitaker Mortgage Corp. received notification from the U.S. Department of Housing and Urban Development, Freddie Mac and Ginnie Mae (hereinafter, collectively referred to as the "Agencies"), that it was being terminated

and/or suspended as an approved seller and/or servicer for each of those respective federal Agencies. As a result of the action of the federal Agencies, Taylor, Bean & Whitaker Mortgage Corp. ceased all origination operations and servicing operations of Risener's Note and corresponding Mortgage.

4.      As a direct result of the failure and later bankruptcy of Taylor, Bean & Whitaker Mortgage Corp., servicing rights of the Risener's Note were assigned, or contracted to Bank of America, N.A. and BAC Home Loans Servicing, LP. As will be alleged below, pursuant to Bank of America, N.A. and BAC Home Loans Servicing, LP's records at the time that Bank of America, N.A. and BAC Home Loans Servicing, LP took over the servicing rights of the Risener's Note from Taylor, Bean & Whitaker Mortgage Corp., they were under the assumption that the Riseners were in default on their Mortgage.

5.      The Riseners were sent a notice ("Notice") dated August 23, 2009 from BAC Home Loans Servicing, LP, informing them that the servicing of their Note and Mortgage had been assigned, sold, or transferred from Taylor, Bean & Whitaker Mortgage Corp. to BAC Home Loans Servicing, LP.  The same Notice provided as follows: "BAC Home Loans is required by law to inform you that this communication is from a debt collector attempting to collect debt, and any information obtained will be used for that purpose." The Notice also provided that "Bank of America, N.A., and BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. are Equal Housing Lenders".

6.      In September of 2009, Risener began to receive form letter communications from BAC Home Loans Servicing, LP, stating that the Mortgage payments due in July and August of 2009 were not received.  In addition, over the following months, BAC Home Loans Servicing, LP continued to send to Risener, notices that their Mortgage was in

default, in spite of the fact that the Riseners had timely made the Mortgage payments. The Riseners promptly, and in person, contacted Bank of America, N.A. officials in Oklahoma City to explain that they had made all payments that BAC Home Loans Servicing, LP claimed had not been made. The Riseners even supplied copies of their cancelled checks, which were timely and made payable to Taylor, Bean & Whitaker Mortgage Corp.

7.       The Riseners continued to receive dunning notices, not only for the payments they made in July and August of 2009, but also for other payments made by the Riseners that were not credited by BAC Home Loans Servicing, LP to their ledger, or account, or crediting the payments two months late and adding late fees.

8.        Now, BAC Home Loans Servicing, LP has sent out other form letters, threatening to foreclose on Risener's home, even though the Riseners have made every payment, and have cancelled checks to support such.

9.       Upon information received, the Riseners believe that BAC Home Loans Servicing, LP is servicing over 180,000 accounts which were originated and serviced by Taylor, Bean & Whitaker Mortgage Corp., further, that BAC Home Loans Servicing, LP uses standard form correspondence containing false and misleading information as to the status of payments made by other borrowers  towards the repayment of their notes, executed in favor of Taylor, Bean & Whitaker Mortgage Corp.

10.      Risener has had, on numerous occasions, face-to-face conversations with Bank of America, N.A. personnel at local Bank of America, N.A. locations in Oklahoma City, Oklahoma, and the BAC Home Loans Service office in Oklahoma City, regarding BAC Home Loans Servicing, LP's repeated claim that Risener has failed to make at least one (1) timely mortgage payment.  In addition, Risener has written to Bank of America, N.A.,

regarding Bank of America N.A.'s erroneous insistence that Risener's mortgage was in default.

11.    Bank of America, N.A. and BAC Home Loans Serving, LP, on at least one occasion, have refused Risener's payment which was properly, timely, and justly tendered to Bank of America, N.A.

12.    Risener has consistently and continually asked for verification from BAC Home Loans Servicing, LP, that their Mortgage is in default, and BAC Home Loans Servicing, LP has continuously refused to do so.

13.     On many occasions, the Riseners took their Mortgage payment to a local branch location of Bank of America, N.A.,  and paid their Mortgage in a timely manner directly to Bank of America, N.A.  Risener received a customer receipt from Bank of America, N.A., and the checks were endorsed by Bank of America, N.A., to BAC Home Loans Servicing, LP.

14.    Even after many face-to-face meetings in Oklahoma City with Bank of America, N.A. personnel, and the local Oklahoma City Branch of BAC Home Loans Servicing, LP, it has continued its harassment, abuse, and the simulation of false and misleading information and misrepresentations in regard to the collection of a debt.

15.    The Riseners lived under the continued threat and fear that the property pledged as collateral for the Note would be foreclosed upon by BAC Home Loans Servicing, LP.

16.    The Riseners discovered that BAC Home Loans Servicing, LP furnished erroneous information regarding Risener's Mortgage payments to credit reporting agencies of TransUnion and CSC Credit Services, an affiliate of Equifax.

17.     Risener made contact with all of the credit reporting agencies and disputed the information furnished by BAC Home Loans Servicing, LP.  CSC Credit Services sent a letter to Risener, dated August 9, 2010,  that provided it had investigated BAC Home Loans Servicing, LP's information, showing that Risener was in default on its Mortgage payments. The letter further provided that "CSC Credit Services' procedure is to contact the source of the information directly...".  TransUnion notified Risener on July 12, 2010 that it had received Risener's dispute of the information as furnished by BAC Home Loans Servicing, LP.  In spite of Risener's disputes, the information in the Risener's credit report did not change. The Riseners have monitored their credit during  2010 and 2011, and BAC Home Loans Servicing, LP has not changed the information that it has furnished to the credit reporting agencies.  BAC Home Loans Servicing, LP's failure to change the inaccurate information furnished to the credit reporting agencies has caused Risener's credit rating to rapidly decline.  Thus, Chris Risener was unable to secure another note and mortgage until December of 2012 from another lending institution, and has been refused a credit card because of his now low credit rating.  Lacrista Bagley has been denied a home loan and has suffered an increased interest rate when she went to purchase a used car.

18.     On July 1, 2011, BAC Home Loans Servicing, LP merged into Bank of America, N.A., and became known as "Bank of America, N.A.", Successor by Merger to BAC Home Loans Servicing, LP.

19.     As a result,  the actions of Bank of America, N.A. and BAC Home Loans Servicing, LP, the Risener's are entitled to actual damages, statutory damages, costs and attorneys' fees, and such other relief as the Court deems just and equitable.

**COUNT I:**
**LIABILITY FOR REQUIREMENTS**
**OF THE FAIR CREDIT REPORTING ACT**

20.     Plaintiffs incorporate by reference paragraphs 1 through 19  above.

21.     Bank of America, N.A. and BAC Home Loans Servicing, LP willfully failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., specifically 15 U.S.C.§ 1681s-2(b), including but not limited to:

(a) Furnishing false information to credit reporting agencies;

(b) Failing to fully and properly investigate Risener's dispute to credit reporting agencies concerning non-payment of a loan originated by Taylor, Bean & Whitaker Mortgage Corp.;

(c) Willfully or negligently failing to meet the duties ascribed by the FCRA;

(d) As a result of Bank of America, N.A. and BAC Home Loans Servicing, LP's conduct, action, inaction and failure to comply with the requirements of FCRA, the Plaintiffs have suffered, and continue to suffer, actual damages, including denials of credit, lost opportunity to obtain credit, damage to their reputation, invasion of privacy, and all of which damages that will be determined at the time of trial; and,

(e) Risener's request that their actual damages, statutory damages, costs and attorneys' fees as well as punitive damages be reimbursed pursuant to 15 U.S.C. § 1681 (n), and such other relief as the Court shall deem just and equitable.

**COUNT II:**
**FAIR CREDIT REPORTING ACT**

22.     Plaintiffs incorporate by reference paragraphs 1 through 21 above.

7

23.     Bank of America, N.A. and BAC Home Loans Servicing, LP, have published and represented to various credit reporting agencies, the alleged deficiencies and defaults in Risener's Note and Mortgage,which it serviced. Bank of America, N.A. and BAC Home Loans Servicing, LP did not have reasonable basis to believe that Risener had not correctly and accurately made all payments pursuant to the Note and Mortgage executed in favor of Taylor, Bean & Whitaker Mortgage Corp. Bank of America, N.A. and BAC Home Loans Servicing, LP were determined to follow procedures when it did not review, confirm, nor verify the current payment status of the former Taylor, Bean & Whitaker Mortgage Corp. borrowers.

24.     As a result of the conduct, action and inaction of  Bank of America, N.A. and BAC Home Loans Servicing, LP, Risener has suffered, and continues to suffer, damage to their reputation and credit status.

25.     The conduct and actions of Bank of America, N.A. and BAC Home Loans Servicing, LP were and are, willful, deliberate, intentional, and/or reckless in regard to the interest and rights of the Riseners, and, as such, justifies an award of compensatory damages, statutory damages, and punitive damages and any such other relief as the Court deems just and proper.

## COUNT III:
## CONSUMER PROTECTION ACT

26.     Plaintiffs incorporate by reference paragraphs 1 through 25 above.

27.     Bank of America, N.A. and BAC Home Loans Servicing, LP have knowingly made false and misleading representations about the Riseners, knowing or having reason to

know, the source, sponsorship, approval or certification of the subject of the consumer transaction.

28.     Bank of America, N.A. and BAC Home Loans Servicing, LP have committed an unfair and deceptive trade practice. At all relevant times, Risener was a "consumer" within the meaning of the Oklahoma Consumer Protection Act 15 O.S. § 751, *et seq.* Bank of America, N.A. and BAC Home Loans Servicing, LP have entered into deceptive trade practices in an attempt to deceive or mislead the Riseners.

29.     The actions of Bank of America, N.A. and BAC Home Loans Servicing, LP offend public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to the Riseners.

30.     Bank of America, N.A. and BAC Home Loans Servicing, LP are liable, jointly and separately, for the actions and omissions of one another.  They are affiliated entities under common ownership and control. They worked in concert to cause harm to the Riseners and jointly profited at the Risener's expense.

31.     Timely and proper demands have been made upon Bank of America, N.A. and BAC Home Loans Servicing, LP, but the Defendants have failed and refused to rectify their accounting problems with their misleading reports to the consumer credit reporting agencies.

32.     The commission of any act or practice in clear violation of the Consumer Protection Act shall render the violator liable to the aggrieved consumer for the payment of actual damages sustained by the consumer, and the cost of litigation including reasonable attorneys' fees.

33.     Bank of America, N.A. and BAC Home Loans Servicing, LP's acts of issuing, in a

press release, stating that no late fee or derogatory credit reporting would be imposed with respect to any payment made in a timely fashion to Taylor, Bean & Whitaker Mortgage Corp. during the transition period, is a "deceptive" practice under the Oklahoma Act. This representation was false and fraudulent because Bank of America, N.A. and BAC Home Loans Servicing, LP assessed Risener's late fees even though they knew that the Riseners payments were timely made to Taylor, Bean & Whitaker Mortgage Corp. during the transition period. Also, in the same period, the actions of Bank of America, N.A. and BAC Home Loans Servicing, LP were done wrongfully, intentionally, and with reckless disregard for harm that would be caused to the Riseners, and such conduct warrants the imposition of exemplary damages to deter Bank of America, N.A. and BAC Home Loans Servicing, LP, and other in similar circumstances from committing such actions in the future.

34.     The unlawful practices of Bank of America, N.A. and BAC Home Loans Servicing, LP occurred in the course of Bank of America, N.A. and BAC Home Loans Servicing, LP's business, and the Riseners, as consumers, suffered injury-in-fact. The Plaintiffs challenge the practice of Defendants that has caused them  injury in the form of dunning letters, late fee charges and disparagement of Plaintiffs' credit. The Plaintiffs seek recovery of all statutory, actual, direct and indirect, economical damages, including but not limited to: damages for loss of credit and damage to credit reputation, lost income, attorneys' fees and expenses, mental anguish and emotional distress caused by the charges that were illegally imposed by the Defendants, as well as any consequential damages.

**COUNT IV:**
**BREACH OF CONTRACT**

35.     Plaintiffs repeat and re-allege all arguments contained in paragraphs 1 through
34 above.

36.     Pursuant to the terms of the Mortgage Contract written by and between the Riseners
and Taylor, Bean & Whitaker Mortgage Corp., in exchange for the Mortgage Note, the
Plaintiffs promised to pay a fixed sum each month over the life of the Note. The Note was
secured by a Mortgage held by either the Federal Housing Administration, Fannie Mae, or
Ginnie Mae. The servicing obligation related to the Mortgage note was assigned to Taylor,
Bean & Whitaker Mortgage Corp., and subsequently to Bank of America, N.A. and BAC
Home Loans Servicing, LP.

37.     Under the Pooling and Servicing Agreements, Bank of America, N.A. and BAC
Home Loans Servicing, LP were both authorized and required to accept credit, and to
service the Mortgage payments for the benefit of the Mortgage holders. As the servicer of
the Mortgage Note, Bank of America, N.A. and BAC Home Loans Servicing, LP stood in
the shoes of the Mortgage holders and they were obligated to fully comply with the terms
of the Mortgage and Note.

38.     The Riseners paid their August 2009 Mortgage loan payment to Taylor, Bean &
Whitaker Mortgage Corp., on July 31, 2009, in a timely fashion and have performed all of
their duties and obligations under the Agreement formed by the parties.

39.     Although the Riseners fulfilled their duty and obligation under the Agreement formed
by the parties, Bank of America, N.A. and BAC Home Loans Servicing, LP have failed to
credit Risener's account for the August, 2009 Mortgage loan payment. The increase in the

Mortgage payment was from the alleged "missing" payments and late fees that were wrongfully assessed on the account, even after BAC Home Loans Servicing, LP received monthly faxes from Plaintiff's showing the payment was made on the last business day of each month prior to the due date. This act caused  Riseners to suffer a shortage in the escrow account, and resulted in an increase of the monthly Mortgage payments. Defendants assessed late fees, even though Risener's August, 2009 Mortgage payment was made in a timely fashion. Bank of America, N.A. and BAC Home Loans Servicing, LP have failed to timely credit the Risener's account and the Defendants are in breach of the payment schedules contained in the Uniform Mortgage Note, as executed by Risener.

40.     As a result of Bank of America, N.A. and BAC Home Loans Servicing, LP's failure to fulfill their duties and obligations under the Mortgage Agreement, they have breached the underlying contract with the Riseners. Bank of America, N.A. and BAC Home Loans Servicing, LP have also breached their contractual duties of good faith and fair dealing.

41.     As a direct and proximate result of Bank of America, N.A. and BAC Home Loans Servicing, LP's breach of contract, the Riseners have suffered the following losses and/or damages:

(a)     Damage to their credit;

(b)     Loss of credit for their August, 2009 Mortgage payment; and,

(c)     Late fees erroneously assessed by Bank of America, N.A. and BAC Home Loans Servicing, LP.

**COUNT V:**
**UNJUST ENRICHMENT**

42.     Plaintiffs repeat and re-allege all arguments contained in paragraphs 1 through 41

above.

43.     By failing to credit Risener's account for the August, 2009 Mortgage loan payment and assessing Risener late fees (even though the August 2009 mortgage loan payment and subsequent payments have been made in a timely fashion), Bank of America, N.A. and BAC Home Loans Servicing, LP have received the extra-contractual benefit of collecting unwarranted fees and costs from the Riseners, in excess of the amount they actually owed to the Defendants.

44.     The benefit that Bank of America, N.A. and BAC Home Loans Servicing, LP have received has directly resulted in detriment to the Riseners because they (a) suffered an incorrect payoff amount on their Mortgage Note; and, (b) incurred late fees that have been erroneously assessed upon their Note by Bank of America, N.A. and BAC Home Loans Servicing, LP.

44.     Bank of America, N.A. and BAC Home Loans Servicing, LP' violate the principals of justice, equity and good conscious.

## COUNT VI:
## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

45.     Plaintiffs repeat and re-allege all arguments contained in paragraphs 1 through 44 above.

46.     At all times material hereto, the Real Estate Settlement Procedures Act ("RESPA") 15 U.S.C. §2605(b)-(d) have been in effect and provide in pertinent part as follows:

        (b) Notice by transferor or loan servicing at time of transfer.

                (1) Notice requirement.

Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

> (2) Time of notice.

> (A) In general. Except as provided under subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

> (B) Exception for certain proceedings. The notice required under paragraph (1) shall be made to the borrower not more than 30 days after the effective date of assignment, sale, or transfer of the servicing of the mortgage loan (with respect to which such notice is made) in any case in which the assignment, sale, or transfer of the servicing of the mortgage loan is preceded by—

> > (i) termination of the contract for servicing the loan for cause;

> > (ii) commencement of proceedings for bankruptcy of the servicer; or

> > (iii) commencement of proceedings by the Federal Deposit Insurance Corporation or the Resolution Trust Corporation for conservatorship or receivership of the servicer (or an entity by which the servicer is owned or controlled).

> > (C) Exception for notice provided at closing. The provisions of subparagraphs (A) and (B) shall not apply to any assignment, sale, or transfer of the servicing of any mortgage loan if the person who makes the loan provides to the borrower, at settlement (with respect to the property for which the mortgage loan is made), written notice under paragraph (3) of such transfer.

> (3) Contents of notice. The notice required under paragraph (1) shall include the following information:

> > (A) The effective date of transfer of the servicing described in such paragraph.

> > (B) The name, address, and toll-free or collect call telephone number of the transferee servicer.

14

(C) A toll-free or collect call telephone number for (i) an individual employed by the transferor servicer, or (ii) the department of the transferor servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.

(D) The name and toll-free or collect call telephone number for (i) an individual employed by the transferee servicer, or (ii) the department of the transferee servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.

(E) The date on which the transferor servicer who is servicing the mortgage loan before the assignment, sale, or transfer will cease to accept payments relating to the loan and the date on which the transferee servicer will begin to accept such payments.

(F) Any information concerning the effect the transfer may have, if any, on the terms of or the continued availability of mortgage life or disability insurance or an other type of optional insurance and what action, if any, the borrower must take to maintain coverage.

(G) A statement that the assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the security instruments other than terms directly related to the servicing of such loan.

(c) Notice by transferee or loan servicing at time of transfer.

(1) Notice requirement. Each transferee servicer to whom the servicing of an federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer.

(2) Time of notice.

(A) In general. Except as provided in subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not more than 15 days after the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

(B) Exception for certain proceedings. The notice required under paragraph (1) shall be made to the borrower not more than 30 days after the effective date of assignment, sale, or transfer of the servicing

of the mortgage loan (with respect to which such notice is made) in any case in which the assignment, sale, or transfer of the servicing of the mortgage loan is preceded by-- (i) termination of the contract for servicing the loan for cause; (ii) commencement of proceedings for bankruptcy of the servicer; or (iii) commencement of proceedings by the Federal Deposit Insurance Corporation or the Resolution Trust Corporation for conservatorship or receivership of the servicer (or an entity by which the servicer is owned or controlled).

(C) Exception for notice provided at closing. The provisions of subparagraphs (A) and (B) shall not apply to any assignment, sale, or transfer of the servicing of any mortgage loan if the person who makes the loan provides    to the borrower, at settlement (with respect to the property for which the mortgage loan is made), written notice under paragraph (3) of such transfer.

(3) Contents of notice. Any notice required under paragraph (1) shall include the information described in subsection (b)(3).

(d) Treatment of loan payments during transfer period. During the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower with respect to any payment on such loan and no such payment may be treated as late for any other purposes, if the payment is received by the transferor servicer (rather than the transferee servicer who should properly receive payment) before the due date applicable to such payment.

47. 15 U.S.C. 2605(b)-(d) outline the notice requirements imposed by RESPA on transferors and transferees in conjunction with sale or transfer of the servicing of any federally related mortgage loan, such as those belonging to Plaintiffs.

48. Specifically Section (d) provides that within 60 days of the date of transfer of the servicing a late fee may not be imposed on the borrower if a timely payment is received by the transferor servicer (rather than the transferee servicer).

49.  Reisner, made timely mortgage payments to Taylor Bean & Whitaker Mortgage Corp., in August of 2009. By failing to properly credit these payments, and subsequently levying

late fees, Bank of America, N.A. and BAC Home Loans Servicing, LP have uniformly violated Section 2605(d).

50. On information and belief, Bank of America, N.A. and BAC Home Loans Servicing, LP have engaged in a pattern or practice of noncompliance with the requirements of Section 2605(e)(2) of RESPA as applicable to the Plaintiffs.

51. At all times material hereto, RESPA has been in effect and also provided, in pertinent part, as follows:

> Not later than 60 days . . . after the receipt from any borrower of any qualified written request, . . . the servicer shall
>
> (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction . . .;
>
> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes
>
> (i) to the extent applicable, a statement for the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>
> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
>
> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes
>
> (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>
> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

*See* 12 U.S.C. § 2605(e)(2).

52. Bank of America, N.A. and BAC Home Loans Servicing, LP violated Section 2605(e)(2) of RESPA by failing to make appropriate corrections to Plaintiffs' accounts within sixty (60) days of receiving a qualified written request.

53. Bank of America, N.A. and BAC Home Loans Servicing, LP violated Section 2605(e)(2) of RESPA by failing to answer, clarify, or explain why Plaintiffs' August 2009 mortgage payment was not properly credited to their accounts and why Plaintiffs were being charged late fees.

54. As a direct and proximate result of Bank of America, N.A. and BAC Home Loans Servicing, LP's failure to make appropriate corrections to Plaintiffs' accounts or provide Plaintiffs with a written explanation or clarification within sixty (60) days of receiving Plaintiffs' qualified written request, Plaintiffs have the following losses and/or damages: (a) loss of credit for their August 2009 mortgage payments, and (b) late fees erroneously assessed by Bank of America, N.A. and BAC Home Loans Servicing, LP. In addition Plaintiffs have suffered a shortage in their escrow account which has resulted in an increase in their monthly mortgage payment.

55. On information and belief, Bank of America, N.A. and BAC Home Loans Servicing, LP have engaged in a pattern or practice of noncompliance with the requirements of Section 2605 of RESPA as applicable to the Plaintiffs.

WHEREFORE, the Riseners pray for Judgment against the Defendants, granting the following relief:

(a)     Award and restitution, disgorgement and damages to the Riseners to make them whole as a result of Bank of America, N.A. and BAC Home Loans Servicing, LP conduct;

(b)     Awarding pre-judgment and post-judgment interest at a rate determined by the Court;

(c)     Awarding all statutory damages available at law;

(d)     Awarding punitive or exemplary damages in an amount to be set by the fact finder in the court of law in order to make these Defendants an example for the public good and to deter future wrong doing;

(e)     Awarding Plaintiffs reasonable attorney fees and costs to bring this action; and,

(f)     Awarding such other and further relief as deemed as just and proper by  this Court.

**ATTORNEYS' LIEN CLAIMED.**
**JURY TRIAL DEMANDED**.

                        Respectfully Submitted,

                        s/ Gregg R. Renegar
                        Gregg R. Renegar, OBA #7500
                        Joan A. Renegar, OBA #7501
                        **KORNFELD FRANKLIN RENEGAR & RANDALL**
                        The Renegar Building
                        2964 Via Esperanza
                        Edmond, OK 73013
                        Telephone: (405) 285.8118
                        Facsimile:   (405) 285-8119
                        E-mail: grenegar@lawyer.com
                        E-Mail: jrenegar@lawyer.com

                              *-AND-*

Phillip A. Hurtt, OBA #16244
**BRANCH & HURTT LAW FIRM, P.C.**
1525 SW 89th Street
Oklahoma City, OK 73159
Telephone: (405) 634-7600
Facsimile:   (405) 634-9306
E-mail: oklaw@coxinet.net

***ATTORNEYS FOR PLAINTIFFS
CHRIS D. RISENER AND
LACRISTA A. BAGLEY***

## CERTIFICATE OF SERVICE

I hereby certify that on the19th day of April, 2013, I electronically transmitted the foregoing PlaintiffsThird Amended Complaint to the Clerk of Court for the Western District of Oklahoma, using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Phillip G. Whaley, OBA #13371
**RYAN WHALEY COLDIRON**
**& SHANDY PLLC**
900 Robinson Renaissance
119 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 239-6040
Facsimile:  (405) 239-6766
E-Mail:  pwhaley@ryanwhaley.com

-AND-

Steven R. Smith
Jeffrey S. Russell
**BRYAN CAVE, LLP**
161 N. Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312)602-5000
Facsimile:  (312)602-5050
E-Mail: srsmith@bryancave.com

***ATTORNEYS FOR DEFENDANTS***
***BANK OF AMERICA, N.A. AND BAC***
***HOME LOANS SERVICING, L.P.***

s/ Gregg R. Renegar
Gregg R. Renegar